UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-21136-CIV-ZLOCH

PMG COLLINS, LLC,

      Plaintiff,

                                      O R D E R

vs.

ALLIANZ GLOBAL RISKS US
INSURANCE COMPANY, and GREAT
LAKES REINSURANCE (UK) PLC,

      Defendants.
_____/

      THIS MATTER is before the Court upon Plaintiff PMG Collins, LLC's Motion For Partial Summary Judgment (DE 39) and Defendants' Motion For Summary Judgment (DE 44). The Court has carefully reviewed said Motions and the entire court file and is otherwise fully advised in the premises.

## I. Background

      Plaintiff's Amended Complaint (DE 23) is a declaratory action under 28 U.S.C. § 2201 seeking the interpretation of insurance policies with Defendants. Plaintiff is the owner and developer of real property located at 5875 Collins Avenue, Miami Beach, Florida, known as the MEI Condominium.[1] On March 27, 2008, the MEI Condominium sustained water damage resulting from the separation of a PVC water pipe on its 15th floor. PMG reported a claim to repair the water damage under Allianz Policy of Insurance Number AT0300702, which was effective through July 31, 2008. DE 44, Ex.

---

[1] The facts set forth in Defendants' Statement Of Undisputed Material Facts (DE 44) are uncontested, and are therefore taken as true for the purposes of this Order.

1.  PMG also holds a Great Lakes Policy of Insurance Number NP016900Z, which was also effective through July 31, 2008. Great Lakes' participation is 50% for any covered loss, subject to the terms and conditions of the Allianz Policy. DE 44, Ex. 4.

The precise issue before the Court is whether the damages to the MEI Condominium constitute "Water Damage" under the respective policies.

## II. Standard of Review

Under Federal Rule of Civil Procedure 56, summary judgment is appropriate

> if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law.

Fed. R. Civ. P. 56(c); see also Eberhardt v. Waters, 901 F.2d 1578, 1580 (11th Cir. 1990). The party seeking summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (quotation omitted).

## III. Analysis

Both policies provide a deductible for "Water Damage."[2]

---

[2]Allianz Policy:

"B. For Water Damage-----5% of the Total Projected Values at Risk at the time of loss subject to a minimum deductible of $500,000 per

Defendants argue that Plaintiff's claim is for water damage, while Plaintiff argues that the damage it suffered does not fit within the term "Water Damage" in the policies and constitutes "other perils" or "other losses" as those terms are used in the Allianz Policy and the Great Lakes Policy, respectively.[3] Thus, the Court is asked to interpret the meaning of the policies.

The Court's jurisdiction is premised upon the diversity of citizenship between the Parties, and thus, the law of Florida guides the interpretation of the policies. Florida courts construe insurance policies according to their plain meaning, and this Court will do the same. <u>Siegle v. Progressive Consumers Ins. Co.</u>, 819 So. 2d 732, 735 (Fla. 2002).

Plaintiff argues that the Allianz Policy is ambiguous because

---

Occurrence"

DE 44, Ex. 1, p. 5.

    Great Lakes Policy:

"5% of the Total Effected Values at risk at time of loss, subject to minimum USD 500,000 per occurrence in respect of Water Damage and Named Storms"

DE 44, Ex. 4, p. 2.

    [3]Allianz Policy:

"For all other perils-----$100,000 per Occurrence"

DE 44, Ex. 1, p. 5.

    Great Lakes Policy:

"USD 100,000 per occurrence in respect of all other losses"

DE 44, Ex. 4, p. 2.

there are two provisions addressing water damage that are inconsistent. Plaintiff refers to the water damage deductible provision and the water damage definition as being inconsistent. The inconsistency asserted by Plaintiff is that the deductible provision refers to water damage as a peril, while the definition provision refers to water damage as a result of a peril. The Court finds the two provisions are consistent, with the former setting out the deductible that applies to water damage, and the latter defining the scope of damage contemplated by the term "Water Damage."

Further, the Court finds no ambiguity in either the Allianz Policy or the Great Lakes Policy. The Allianz Policy defines "Water Damage" to mean "<u>all water damage</u>, including but not limited to, flood, inundation, waves, tidal water, or rainfall and/or resultant runoff, all whether wind driven or not." DE 44, Ex. 1, p. 8 (emphasis added). The phrase "all water damage" is unambiguous, and it means what it says, namely, that all damage caused by water is contemplated by the term "Water Damage." Plaintiff attempts to narrow the scope of the definition to cover only natural phenomenon because examples of natural water damage, such as a flood or tidal water, are provided. However, Plaintiff overlooks the preceding clauses "all water damage" and "including but not limited to." Therefore, the Court finds the term "Water Damage" in the Allianz Policy clearly and unambiguously covers the water damage to the MEI Condominium.

4

Although the Great Lakes Policy does not define "Water Damage," the term standing on its own is unambiguous. Further, the Great Lakes Policy expressly adopted the provisions of the Allianz policy. DE 44, Ex. 4, p. 2. Thus, the Court finds the term "Water Damage" in the Great Lakes Policy clearly and unambiguously covers the water damage to the MEI Condominium.

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** as follows:

1. That Plaintiff PMG Collins, LLC's Motion For Partial Summary Judgment (DE 39) be and the same is hereby **DENIED**;

2. That Defendants' Motion For Summary Judgment (DE 44) be and the same is hereby **GRANTED**;

3. Pursuant to Rules 56 & 58, Final Judgment shall be entered by separate Order.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this _2nd_ day of December, 2008.

_____
WILLIAM J. ZLOCH
United States District Judge

Copies furnished:

All Counsel of Record